# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| GLORIA ANN ROBERTSON | CIVIL ACTION NO. 25-0723 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM F. TATE, IV, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court is a Motion to Set Aside Default Judgment (Record Document 20) filed by Defendants, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, William F. Tate, IV, John "Scott" Ballard and Ryan Roberts (hereinafter, "Defendants"). Defendants move the Court to vacate and set aside the Clerk's Entry of Default (Record Document 16) entered on January 30, 2026, for good cause. Additionally, Defendants seek the dismissal of this matter with prejudice.

On May 22, 2025, Plaintiff Gloria Robertson ("Plaintiff") filed her Complaint against the "LSU Board of Supervisors" and individual board members William F. Tate, IV (President), John "Scott" Ballard, and Ryan Roberts, Director of Boards and Commissions. See Record Document 1. On May 28, 2025, summons were issued. See Record Document 4. They were returned unexecuted on June 3, 2025. See Record Document 5. Summons were reissued to John Scott Ballard, Board of Supervisors of Louisiana State University, Ryan Roberts, and William F. Tate, IV on June 23, 2025. See Record Document 7. On October 27, 2025, the Court issued a Notice of Intent to Dismiss all Defendants for failure to effect service within 90 days. See Record Document 8. Plaintiff then filed a Motion for Extension of Time to Effect Service. See Record Document

9.  Her motion was granted, providing Plaintiff with 60 days from November 4, 2025, to perfect service on the Defendants.  See Record Document 10.

On January 14, 2026, Plaintiff returned an executed summons alleging service on the Board of Supervisors of Louisiana State University.  See Record Document 14.  The summons was received by Robin Richardson, Assistant to the Vice President of Louisiana State University's Office of Legal Affairs and General Counsel.  See id.  On January 30, 2026, Plaintiff requested an entry of default against the Board of Supervisors.  See Record Document 15.  The Clerk made an Entry of Default as to the Board of Supervisors on that same date.  See Record Document 16.

Under Federal Rule of Civil Procedure, Rule 55(a), a default may only be entered into the record "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  F.R.C.P. 55(a).  Pursuant to Rule 55(c), "the court may set aside an entry of default for good cause."  F.R.C.P. 55(c).  Additionally, "the decision to set aside a default decree lies within the sound discretion of the district court." United States v. One Parcel of Real Prop., 763 F.2d 181, 183 (5th Cir. 1985).

Here, the Court finds that Defendants have adequately shown that there is good cause to set aside the entry of default.  A review of the instant motion easily demonstrates that Plaintiff has not complied with Rule 4(j)(2) (serving a state government), La R.S. 39:1538 (claims against the state), and/or La. R.S. 13:5107 (service of citation and process).  While service was completed via personal service on Robin Richardson, Assistant to the Vice President of Louisiana State University's Office of Legal Affairs and General Counsel, the record is devoid of service on the Attorney General, the head of the

2

agency, department, or board concerned, and the Office of Risk Management. Thus, to date, service is still outstanding.

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Set Aside Default Judgment (Record Document 20).[1] However, the Court will not dismiss this matter with prejudice, as Defendants requested. Plaintiff is hereby **GRANTED** an extension of the Rule 4(m) period to make service until **March 20, 2026**. Plaintiff should ensure proper service on each defendant and file evidence of that service in the record. Failure to make valid service may result in the dismissal of claims against any defendant who is not properly served by the deadline.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has set aside the Clerk's Entry of Default, Plaintiff's Motion for Default Judgment (Record Document 18) is hereby **DENIED**.