**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

GLORIA ANN ROBERTSON                          CIVIL ACTION NO. 25-0723

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

WILLIAM F. TATE, IV, ET AL.                   MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM RULING**

Before the Court is Plaintiff Gloria Robertson's ("Robertson") Motion for Entry of Default Judgment.  See Record Document 25.  Robertson submits that all Defendants have been properly served, the time for them to answer has expired, and they have failed to file any answer, response, or other appearance in the case.  See id.  Pursuant to Federal Rule of Civil Procedure 55(b)(2), Robertson seeks entry of a default judgment against all Defendants – the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, William F. Tate, IV, John "Scott" Ballard and Ryan Roberts (hereinafter, "Defendants").  Defendants have opposed Robertson's motion and further seek dismissal of this matter.  See Record Document 28.

Background

On January 30, 2026, the Clerk entered a Notice of Entry of Default.  See Record Document 16.  In a February 19, 2026 Memorandum Order, this Court granted Defendants' Motion to Set Aside Default Judgment:

> Here, the Court finds that Defendants have adequately shown that there is good cause to set aside the entry of default.  A review of the instant motion easily demonstrates that [Robertson] has not complied with Rule 4(j)(2) (serving a state government), La R.S. 39:1538 (claims against the state), and/or La. R.S. 13:5107 (service of citation and process).  While service was completed via personal service on Robin Richardson, Assistant

to the Vice President of Louisiana State University's Office of Legal Affairs and General Counsel, the record is devoid of service on the Attorney General, the head of the agency, department, or board concerned, and the Office of Risk Management.  Thus, to date, service is still outstanding.

Record Document 21 at 2-3.  However, at that time, the Court declined to dismiss the matter with prejudice, as requested by Defendants.  See id. at 3.  Robertson was granted an extension of the Rule 4(m) period to make service until March 20, 2026.  See id. Robertson was instructed to "ensure proper service on each defendant and file evidence of that service in the record."  Id.  She was warned that "[f]ailure to make valid service may result in the dismissal of claims against any defendant who is not properly served by the deadline."  Id.

On March 13 2026, Robertson returned two summons alleging proof of service on the Office of Risk Management and the Office of the Attorney General.  See Record Document 24.  However, the summons for the Office of Risk Management was unexecuted by the process server, whose given reason was that "Lady stated at front office that they do not accept service of process at this location."  Id. at 1.  Robertson then filed the instant Motion for Default Judgment on April 17, 2026.  See Record Document 25.

Law

Under Federal Rule of Civil Procedure Rule 55(a), a default may only be entered into the record "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  F.R.C.P. 55(a).  Default judgments are a drastic remedy and are not favored by the Federal Rules.  See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).  The first prong of the default-

judgment analysis is whether the default judgment is procedurally warranted.  See Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

Federal Rule of Civil Procedure 4(j)(2) provides that service upon a state government requires delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.  F.R.C.P. 4(j)(2).  In claims brought against the State of Louisiana or any of its agencies to recover damages in tort for money damages, Louisiana Revised Statute 39:1538 provides further guidance:

> In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

La. Stat. Ann. § 39:1538(D).  "Service shall be requested upon the attorney general within ninety days of filing suit."  La. Stat. Ann. § 13:5107(A)(2).  Additionally, Section 5107 states:

> (1)   In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action . . . .
>
> (2)   If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice . . . as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

La. Stat. Ann. § 13:5107(D)(1) & (2).

Analysis

Here, Robertson seeks damages against the Board of Supervisors, individual board members, and the Director of Boards and Commissions.  The Board of Supervisors

3

is an arm of the State of Louisiana and the individuals are officers and employees of the State. Thus, Robertson must adhere to the service requirements of Section 1538 and Section 5107 to effect proper service upon the Defendants.

Service was completed via personal service on Jennifer Hebert, an employee of the Office of the Attorney General. See Record Document 24 at 2. However, there is no documentation in the record satisfying the requirements of Section 1538 and Section 5107. There is no evidence to support service of process on the head of the agency, department, or board concerned. Likewise, there is no evidence of service on the Office of Risk Management.

Conclusion

To date, the Board of Supervisors and the Office of Risk Management have not been properly served. Robertson's Motion for Default Judgment must be **DENIED**. Moreover, Robertson did not comply with this Court's February 19, 2026 Memorandum Order requiring service to be perfected by March 20, 2026. See Record Document 21. Thus, because Robertson was cautioned that failure to make valid service may result in dismissal, the Court finds that dismissal of this matter is appropriate at this time.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of July, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE